IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| **Merryn M. Mutelo** | * | **CIVIL NO. 05-CV-1089-P** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, ET AL** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are a Petition for Writ of Habeas Corpus and a Motion for Termination of Detention and Release filed by the plaintiff (Doc. Nos. 1 and 12). Defendants have responded to the writ application (Doc. No. 8), and have opposed the motion for summary judgment (Document No. 13). For reasons stated below, it is recommended that the Motion for Release be DENIED and that the petition for Writ of Habeas Corpus be DISMISSED.

### Factual and Procedural Background

The exhibits and evidence submitted in this matter reveal the following underlying facts and procedural background:

Plaintiff, a citizen of the Republique Democratique Du Congo, first entered the United States in New York, on or about September 2, 1996. He overstayed his authorized period within the United States, and was stopped at the Canadian-United States border in September of 1999, while attempting to re-enter the United States. He was served with a notice to appear before the Immigration Court in Buffalo, New York, on March 1, 2000. He failed to appear for the hearing, and was ordered removed *in absentia*. Plaintiff claims that he married a United States citizen in August of 2002, and that he is the father of twin boys born prematurely on March 25, 2004. He

1

claims that one of the twins was born with a serious medical condition requiring special care. Plaintiff filed an I-130 visa application and an I-485 application for adjust of status. Upon his appearance for an interview with respect to these applications, he was taken into custody by officers of the USICE.

Plaintiff's motion to reopen removal proceedings was denied on October 18, 2004. This action followed on June 21, 2005.

In its response to the petition, the Government showed that a passport was issued for the plaintiff in August of 2005, and that his removal was expected to take place in September of this year.

Plaintiff filed his motion to terminate detention claiming that despite the issuance of a passport and the government's claim that he would be removed in September, he still remained in custody and had not been removed. In response, the government reaffirmed that a passport has been issued for the plaintiff, that he was scheduled for removal in September, but that Hurricane Katrina had caused unavoidable delays in his removal. The government claims that the plaintiff will be removed during the month of October, 2005.

## Law and Analysis

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. The United States Supreme Court, in *Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491 (2001), noted as follows:

> The habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably

2

> foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions .... And if removal is reasonably foreseeable, the habeas court should consider the risk of the alien's committing further crimes as a factor potentially justifying confinement within that reasonable removal period.

*Id.* at 2504.

The Court held that a six month period for detention pending removal is presumptively reasonable, but further noted as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 2505.

In this case, although the six month period ended on April 18, 2005, the record fails to support a claim that there is not significant likelihood of removal. Specifically, the plaintiff's passport has been issued; his removal was scheduled for September 2005; he was not removed during September only due to problems created by Hurricane Katrina, an event outside the control of the government; and his removal has now been rescheduled for October 2005. In addition, the plaintiff has a history of failure to appear at his removal proceedings The plaintiff is subject to a removal order and there is clearly a significant likelihood that he will be removed in the near future; thus, the continued detention of the plaintiff is reasonable. It is therefore recommended that his petition for writ of habeas corpus be DISMISSED and his motion for termination of detention and release be DENIED.

3

Under the provisions of 28 U.S.C. §636(b)(1)(c) and F.R.C.P. Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten (10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 7th day of October, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE